IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PUERTO RICO FARM CREDIT, ACA<br><br>Plaintiff<br><br>v.<br><br>LINNETTE ORTIZ SANTIAGO A/K/A LINNETTE ODALIS ORTIZ SANTIAGO A/K/A LINNETTE O. ORTIZ SANTIAGO; ELLIOT DOMÍNGUEZ RIVERA; the UNITED STATES OF AMERICA<br><br>Defendants | CIVIL NO. 06-1656 (SEC)<br><br>COLLECTION OF MONEY AND FORECLOSURE OF MORTGAGE |

## DEFAULT JUDGMENT

Upon plaintiff's application for Judgment, and it appearing from the records of the above entitled cause that default was entered by the Clerk of this Court against defendants Elliot Domínguez Rivera and Linnette Ortiz Santiago against which defendants plaintiff is entitled to a judgment by default, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      The mortgage constituted by Elliot Domínguez Rivera and Linnette Ortiz Santiago by Deed Number 11 before Notary Public Antonio Zapater Cajigas on May 12, 1994, securing a mortgage note, payable to the order of the Puerto Rico Farm Credit, ACA, is a valid and subsisting mortgage and constitutes a lien prior to the estate or interest of the defendants in the above cause, on the mortgaged premises, as described in paragraph seven (7) of the complaint on file in the above cause, to wit:

"RUSTICA: Parcela localizada en el Proyecto Raíces del Barrio Anón de Ponce, compuesta de DIEZ Y SIETE PUNTO TRES MIL CUATROCIENTOS NOVENTA Y UNA (17.3491) CUERDAS, equivalentes a sesenta y ocho mil ciento ochenta y ocho punto noventa y tres (68,188.93) metros cuadrados. Colinda por el Norte, con un camino asfaltado; por el Sur, con un camino municipal asfaltado; por el Este, con la finca número Cuatro (4) y por el Oeste, con camino municipal asfaltado. Enclavan en la finca las siguientes edificaciones: casa de concreto armado de dos plantas, totalmente dedicada y utilizada como residencia; estructura de dedicada a almacén que contiene la maquinaria procesadora de café, a cuyo cultivo se dedica la finca, una porqueriza que no está en uso pero que se halla en buenas condiciones y un tanque de agua de concreto armado."

The mortgage that encumbers this property that is being foreclosed herein is recorded at page 109 over of volume 773 of Ponce II, fourth (4th ) inscription of property number 11,640, Registry of Property, Second (2$^{d}$) Section of Ponce.

2.    That plaintiff Puerto Rico Farm Credit, ACA, a corporation existing under the Act of Congress known as the Agricultural Credit Act of 1987, 12. U.S.C.A. 2001, is a federally chartered instrumentality of the United States of America.

3.    That defendants Elliot Domínguez Rivera and Linnette Ortiz Santiago as subscribers of the mortgage note and the Deed of Mortgage hereinbefore referred to and Linnette Ortiz Santiago as present owner of the mortgaged property described above are hereby ordered and adjudged to pay unto the plaintiff Puerto Rico Farm Credit, ACA, the following amounts: $11,288.26 of principal; plus $15.22 of default interests on installments due; plus $1,655.32 accrued interest on principal as of April 3, 2006, plus interest on unmatured principal accruing thereafter at the rate of 12.25%

equivalent to $3.73 daily until the date of its full payment, plus $400.00 for expenses related to the cancellation of a mortgage note, less $0.11 in unapplied payments, plus the sum of $6,500.00 as a fixed and liquid amount for the costs, expenses and attorneys fees.

4.      In default of the payment of the sums hereinbefore specified or of any part thereof, within ten (10) days from the date of entry of this judgment, the mortgaged property described in paragraph one (1) hereof, shall be sold at public auction to the highest bidder therefore, without an appraisal or right of redemption for the payment and satisfaction of plaintiff's mortgage within the limits secured thereby.

5.      José Gallart, Esq. and/or Cristina Alcaraz Emmanuelli, Esq. is hereby designated and appointed Special Master to make the sale hereinbefore mentioned but said Special Master shall not proceed to carry out the said sale, nor do anything in connection therewith, until further order of this Court and under the form and conditions to be directed by this Court.

6.      The sale to be made by the Special Master appointed herein shall be subject to the confirmation of this Court, and the purchaser or purchasers thereof shall be entitled to receive possession of the property sold.  The minimum bid to be accepted at the first public sale in accordance with the mortgage deed referred to in this auction is $65,000.00.

7.      Any fund derived from the sale to be made in accordance with the terms of this Order and such further orders of this Court shall be applied as follows:

(a)     To the payment of all proper expenses attendant upon  said sale, including the expenses, outlays and compensation of the Special Master appointed herein, after the said compensation and expenses shall have been fixed and approved by the Court, all said  expenses to be deducted from the sum of $6,500.00, provided in the deed of mortgage for costs, charges and disbursements, expenses and attorney's fees.

(b) To the payment of all expenses or advances made by the plaintiff for an amount not to exceed $6,500.00.

(c) To the payment of that part of the indebtedness owed to plaintiff up to the amount of $11,288.26 of principal; plus $15.22 of default interests on installments due; plus $1,655.32 accrued interest on principal as of April 3, 2006, plus interest on unmatured principal accruing thereafter at the rate of 12.25% equivalent to $3.73 daily until the date of its full payment, plus $400.00 for expenses related to the cancellation of a mortgage note, less $0.11 in unnapplied payments, plus the sum of $6,500.00 as a fixed and liquid amount for the costs, expenses and attorneys fees.

(d)     If after making all the above payments there shall be a surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court.

8.     Plaintiff in these proceedings may apply to this Court for such further orders as it may deem advisable to its interests, in accordance with the terms of this judgment.

IT IS ORDERED.

At San Juan, Puerto Rico, this 24 ᵀᴴ day of *NARI*        , 2007.



,U.S. DISTRICT JUDGE